IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

TIMOTHY MONROE MULLINS, )
)
    Petitioner, )
)
v. ) CIVIL ACTION NO.: CV209-032
)
DAVID FRAZIER, Warden, )
)
    Respondent. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Timothy Mullins ("Mullins"), who is currently incarcerated at Hancock State Prison in Sparta, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his conviction obtained in the Long County Superior Court. Respondent filed an Answer-Response and a Motion to Dismiss. Mullins filed a Response. For the reasons which follow, Respondent's Motion should be **GRANTED** and Mullins' petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Mullins was sentenced on January 29, 1986, after pleading guilty in the Long County Superior Court to malice murder and burglary. Mullins was sentenced to life imprisonment for malice murder and five years' imprisonment for burglary, to be served consecutively. Mullins executed a petition for writ of habeas corpus on November 27, 2006, as amended on December 29, 2006, which was filed in the Lowndes County

AO 72A
(Rev. 8/82)

Superior Court and later transferred to the Hancock County Superior Court. (Doc. No. 1). An evidentiary hearing was conducted, and Mullins' petition was denied on March 7, 2008. Mullins filed an application for certificate of probable cause, which the Georgia Supreme Court denied on September 8, 2008. Mullins' Motion for Reconsideration was denied on October 27, 2008. (Id.).

Mullins filed this petition on March 24, 2009. Mullins contends he received ineffective assistance of trial counsel because his counsel failed to advise him against self-incrimination during his guilty plea. Mullins also contends that the judge presiding over his state habeas corpus application erred in denying his requested relief because the judge in his criminal trial did not inform Mullins of the dangers of self-incrimination.

Respondent contends Mullins' petition should be dismissed as being untimely filed.

## DISCUSSION AND CITATION TO AUTHORITY

A prisoner must file a petition for writ of habeas corpus in federal court within one (1) year. 28 U.S.C. § 2244(d)(1).[1] For those prisoners whose state convictions became final prior to the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") on April 24, 1996, this one year statute of limitations period began to run on that date. Wilcox v. Fla. Dep't of Corr., 158 F.3d 1209, 1211 (11th Cir. 1998). Thus,

---

[1] This statute of limitations period ordinarily runs from the latest of four possible dates: (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review; (B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). However, Mullins' convictions were final prior to April 24, 1996, and the ordinary statute of limitations triggering events are not applicable to this case.

these prisoners must have filed a federal petition for writ of habeas corpus prior to April 24, 1997, to be considered timely. Moore v. Campbell, 344 F.3d 1313, 1319-20 (11th Cir. 2003) (concluding the one-year statute of limitations period applicable to collateral attacks of pre-AEDPA obtained convictions is calculated using Rule 6(a) of the Federal Rules of Civil Procedure, i.e., the day giving rise to the events is not counted). The limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2). However, a petitioner should be mindful that "once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to section 2254 petitions. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004); see also Alexander v. Secr'y, Dep't of Corr., 523 F.3d 1291, 1294 (11th Cir. 2008) (a state court motion for post-conviction relief cannot toll the federal limitations period if that period has already expired).

Mullins' conviction became final at the time of his completion of the direct review process or when the time for seeking such review became final. 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). Mullins pleaded guilty in the Long County Superior Court on January 28, 1986, and he was sentenced on January 29, 1986. Mullins did not file a notice of appeal with either the Georgia Court of Appeals or Supreme Court. However, Mullins had thirty days in which to do so. O.C.G.A. § 5-6-38 ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of."). Thus, his conviction became final on or about February 28, 1986. Because Mullins' conviction became final prior to the

enactment of the AEDPA on April 24, 1996, he had until April 24, 1997, to file a timely federal habeas corpus petition.

Mullins did not file a petition for writ of habeas corpus in the Lowndes County Superior Court until November 26, 2006, which was more than 9½ years after the expiration of the applicable statute of limitations. The applicable statute of limitations period did not toll in this case, as Mullins filed his state habeas corpus petition well after the expiration of the statute of limitations period applicable to section 2254 cases.

The Court must now decide whether Mullins is entitled to equitable tolling of the statute of limitations. A petitioner seeking equitable tolling must establish "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" which prevented him from timely filing his § 2254 petition. Lawrence v. Florida, 549 U.S. 327, 335 (2007) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling is "an extraordinary remedy that must be applied sparingly[,]" and a petitioner must present a "truly extreme case." Holland v. Florida, 539 F.3d 1334, 1338 (11th Cir. 2008). "'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner.'" Id. (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002)). Mullins has made no showing that he has been pursuing his rights diligently (or otherwise) since his 1986 convictions or that some extraordinary circumstance prevented him from being able to file this petition in a timely manner. Mullins is not entitled to equitable tolling of the statute of limitations.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Mullins' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED**, with prejudice, as it was not timely filed.

**SO REPORTED** and **RECOMMENDED**, this 8th day of October, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE